**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANTHONY FLINT,

      Petitioner,                            Civil No. 00-CV-72219-DT
                                           HONORABLE PAUL D. BORMAN
v.                                       UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

      Respondent.

_____/

## OPINION AND ORDER DISMISSING THE EMERGENCY PETITION FOR PRELIMINARY INJUNCTION OR TEMPORARY RESTRAINING ORDER

**I. BACKGROUND**

This case is yet again before this Court pursuant to Petitioner's "Emergency Petition for Preliminary Injunction or Temporary Restraining Order" [Court Dkt. Entry # 118]. For the reasons that follow, the petition will be dismissed as being duplicative of Petitioner's Rule 60(b)(4) motion that was previously transferred by this Court to the United States Court of Appeals pursuant to 28 U.S.C.§ 2244(b)(3)(A) for authorization as to whether Petitioner should be permitted to file a second or successive habeas petition.

In 2000, petitioner filed an application for a writ of habeas corpus pursuant to 28 § 2254, in which he challenged his 1995 state court convictions for first-degree murder, armed robbery, and felony firearm. On May 11, 2001, Magistrate Judge Paul J. Komives issued a report recommending that the habeas petition be denied. On June 28, 2001, this Court adopted the recommendation and denied the petition. The Sixth Circuit ultimately denied petitioner's request for a certificate of appealability. *See Flint v. Jackson,* U.S.C.A 01-1981 (6th Cir. January 11, 2002).

1

On January 28, 2002, petitioner filed a motion for relief from judgment pursuant to Fed. R.Civ. P. 60(b), in which he claimed that this Court mistakenly applied the Antiterrorism and Effective Death Penalty Act's (AEDPA) standard of review found in 28 U.S.C. § 2254 (d) to adjudicate his claims.  On April 8, 2002, Magistrate Judge Komives issued a report which recommended that the motion for relief from judgment be denied.  On April 22, 2002, this Court adopted the recommendation and denied the motion for relief from judgment.  On May 13, 2002, this Court issued an order denying petitioner's request for a certificate of appealability regarding the denial of his motion for relief from judgment.  The Sixth Circuit subsequently denied petitioner's application for a certificate of appealability. *See Flint v. Jackson,* U.S.C.A 02-1594 (6th Cir. December 6, 2002).

Petitioner thereafter filed a second motion for relief from judgment, which was denied by the Court on February 10, 2003.  Petitioner's motion to adjudicate his remaining claims was denied by the Court on April 30, 2003.  On June 5, 2003, this Court adopted Magistrate Judge Paul J. Komives' report and recommendation that petitioner's motion for reconsideration regarding this Court's prior denial of a certificate of appealability be denied.  The Sixth Circuit denied petitioner a certificate of appealability on October 10, 2003. *See Flint v. Jackson,* U.S.C.A 03-1618 (6th Cir. October 10, 2003).

Petitioner filed another motion for relief from judgment with this Court, pursuant to Fed. R.Civ.P. 60 (b).  The Court concluded that this motion was the equivalent of a successive petition which needed to be transferred to the Sixth Circuit for authorization to file a second or successive petition.  The Sixth Circuit ultimately denied petitioner authorization to file a second or successive petition. *In Re Flint,* U.S.C.A. No. 03-2532 (6th Cir. August 19, 2004).

Petitioner then filed another motion for relief from judgment, which this Court denied as untimely on December 7, 2005.

Petitioner subsequently filed a Petition for Relief From Judgment, pursuant to Fed. R. Civ. P. 60(b)(4), in which he claimed that the State of Michigan committed a fraud upon this Court, by concealing the fact that the Detroit Recorder's Court lacked subject matter jurisdiction over petitioner's state criminal case [Court Dkt. Entry # 114]. This Court concluded that Petitioner's 60(b) motion was the equivalent of a successive petition for writ of habeas corpus and transferred the matter to the Sixth Circuit, where it remains pending. *See In Re Flint,* U.S.C.A. 07-1996 (6th Cir.). [1]

Petitioner has now filed an Emergency Petition for Preliminary Injunction or Temporary Restraining Order, in which he yet again argues that the Detroit Recorder's Court lacked jurisdiction over his criminal case.

## II. DISCUSSION

The petition for an injunction or temporary restraining order must be dismissed, because it is essentially duplicative of petitioner's 60(b)(4) motion, which is currently pending before the Sixth Circuit for a determination by that court whether petitioner should be authorized to bring a second or successive habeas challenge to his state court criminal convictions.

A suit is duplicative and subject to dismissal if the claims, parties, and available relief do not significantly differ from an earlier-filed action. *See e.g., Barapind v. Reno*, 72 F. Supp. 2d

---

[1] This Court obtained this information from the Internet website for the United States Court of Appeals for the Sixth Circuit. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003). A federal district court is thus permitted to take judicial notice of another court's website. *See e.g. Graham v. Smith,* 292 F. Supp. 2d 153, 155, n. 2 (D. Me. 2003).

1132, 1145 (E.D. Cal. 1999). Petitioner's current petition for injunctive relief challenges the same convictions and sentences and is based on the same grounds as his prior Rule 60(b)(4) motion for relief from judgment that is currently pending before the Sixth Circuit. Therefore, the present petition is subject to dismissal as a duplicate petition. *See, e.g.*, *Daniel v. Lafler,* 2006 WL 1547772, * 1 (E.D. Mich. June 1, 2006); *Flowers v. Trombley*, 2006 WL 724594, *1 (E.D.Mich. March 17, 2006); *Harrington v. Stegall*, 2002 WL 373113, *2 (E.D.Mich. Feb. 28, 2002); *see also Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, * 1 (6th Cir. March 7, 1989)(holding that a district court may dismiss a habeas petition as duplicative of a pending habeas petition when the second petition is essentially the same as the first petition).

This Court is aware that before a second or successive habeas petition is filed in the district court, the applicant is required to move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). However, in light of the fact that the current petition is duplicative of petitioner's Rule 60(b)(4) petition which has already been transferred to the Sixth Circuit, it would not be in the interests of justice to transfer this petition to the Sixth Circuit for authorization to raise the identical claims that petitioner has already raised in the Rule 60(b)(4) motion that was previously filed with this Court and which is currently pending before the Sixth Circuit. *See Padilla v. Meyer,* 150 Fed. Appx. 116, 117 (3rd Cir. 2005).

**III.    CONCLUSION**

Accordingly, it is **ORDERED** that the Emergency Petition for Injunction or Temporary

Restraining Order [Court Dkt. Entry # 118] is **DISMISSED** as a duplicate petition.

    **SO ORDERED.**


                s/Paul D. Borman
                PAUL D. BORMAN
                UNITED STATES DISTRICT JUDGE

Dated:  March 10, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 10, 2008.


                s/Denise Goodine
                Case Manager