UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY FLINT,

    Petitioner,                                 Civil No. 00-CV-72219-DT
                                            HONORABLE PAUL D. BORMAN
v.                                              UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING THE CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This case is once again before this Court on Petitioner's motion for relief from judgment pursuant to Fed.R.Civ.P. 60 and his petition for writ of coram nobis under 28 U.S.C. § 1651. For the following reasons, the Court has concluded that it must transfer this case to the Court of Appeals.

**I. BACKGROUND**

In 2000, petitioner filed an application for a writ of habeas corpus pursuant to 28 § 2254, in which he challenged his 1995 state court convictions for first-degree murder, armed robbery, and felony firearm. On May 11, 2001, Magistrate Judge Paul J. Komives issued a report recommending that the habeas petition be denied. On June 28, 2001, this Court adopted the recommendation and denied the petition. The Sixth Circuit ultimately denied petitioner's request for a certificate of appealability. *See Flint v. Jackson,* U.S.C.A 01-1981 (6th Cir. January 11, 2002).

On January 28, 2002, petitioner filed a motion for relief from judgment pursuant to Fed.

1

R.Civ. P. 60(b), in which he claimed that this Court mistakenly applied the Antiterrorism and Effective Death Penalty Act's (AEDPA) standard of review found in 28 U.S.C. § 2254 (d) to adjudicate his claims. On April 8, 2002, Magistrate Judge Komives issued a report which recommended that the motion for relief from judgment be denied. On April 22, 2002, this Court adopted the recommendation and denied the motion for relief from judgment. On May 13, 2002, this Court issued an order denying petitioner's request for a certificate of appealability regarding the denial of his motion for relief from judgment. The Sixth Circuit subsequently denied petitioner's application for a certificate of appealability. *See Flint v. Jackson,* U.S.C.A 02-1594 (6th Cir. December 6, 2002).

Petitioner then filed a second motion for relief from judgment, which was denied by the Court on February 10, 2003. Petitioner's motion to adjudicate his remaining claims was denied by the Court on April 30, 2003. On June 5, 2003, this Court adopted Magistrate Judge Paul J. Komives' report and recommendation that petitioner's motion for reconsideration regarding this Court's prior denial of a certificate of appealability be denied. The Sixth Circuit denied petitioner a certificate of appealability on October 10, 2003. *See Flint v. Jackson,* U.S.C.A 03-1618 (6th Cir. October 10, 2003).

Petitioner filed another motion for relief from judgment with this Court, pursuant to Fed. R.Civ.P. 60 (b). The Court concluded that this motion was the equivalent of a successive petition which needed to be transferred to the Sixth Circuit for authorization to file a second or successive petition. The Sixth Circuit ultimately denied petitioner authorization to file a second or successive petition. *In Re Flint,* U.S.C.A. No. 03-2532 (6th Cir. August 19, 2004).

Petitioner then filed another motion for relief from judgment, which this Court denied as

untimely on December 7, 2005.

Petitioner subsequently filed a Petition for Relief From Judgment, pursuant to Fed. R. Civ. P. 60(b)(4), in which he claimed that the State of Michigan committed a fraud upon this Court, by concealing the fact that the Detroit Recorder's Court lacked subject matter jurisdiction over petitioner's state criminal case [Court Dkt. Entry # 114]. This Court concluded that Petitioner's 60(b) motion was the equivalent of a successive petition for writ of habeas corpus and transferred the matter to the Sixth Circuit. The Sixth Circuit denied petitioner permission to file a successive petition for writ of habeas corpus. *See In Re Flint,* U.S.C.A. 07-1996 (6th Cir. March 13, 2008).

While petitioner's 60(b) motion was pending in the Sixth Circuit, petitioner filed an emergency petition for preliminary injunction or temporary restraining order, where he again claimed that the Detroit Recorder's Court lacked jurisdiction over his criminal case. On March 10, 2008, this Court dismissed the emergency petition as being duplicative of petitioner's Rule 60(b)(4) motion that was pending before the Sixth Circuit.

Petitioner has once again filed a Petition for Relief From Judgment, pursuant to Fed. R. Civ. P. 60(b)(4) and a Petition for Writ of Coram Nobis brought pursuant to the All Writs Act, 28 U.S.C. § 1651, in which he again claims that the state court lacked jurisdiction over his criminal case and that this Court was biased and erred in failing to grant relief on this claim.

## II. ANALYSIS

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Among other things, the AEDPA amended 28 U.S.C.§§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts. These

amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F. 3d 939, 940 (6th Cir. 1998). Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; *See also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

In the present case, petitioner seeks relief from judgment pursuant to Fed. R. Civ. P. 60(b). The United States Supreme Court has held that a Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or seeking to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a

4

"second or successive habeas petition," which requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). *See Gonzalez v. Crosby,* 125 S. Ct. 2641, 2647 (2005).

On the other hand, the Supreme Court has held that when a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 125 S. Ct. at 2648. A claim of "[f]raud on the federal habeas court," is an "example of such a defect." *Id*. at 2648, n. 5.

The problem with petitioner's 60(b) motion is that although he alleges that this Court was biased against him in refusing to rule on his claim, he essentially argues that the state court lacked subject matter jurisdiction over his criminal case, rendering his state criminal conviction void. Petitioner's allegations of bias against this Court clearly do not fall into the category of Rule 60(b) motions that should not be construed as a second or successive petition, because his allegations seek to assert or reassert habeas claims that involve the validity of his state court conviction or sentence, resulting in a merits-based attack on his state convictions. *See Berryhill v. Evans,* 466 F. 3d 934, 937 (10th Cir. 2006). Petitioner's claim that this Court erred in refusing to rule on his jurisdictional claim "is effectively indistinguishable from alleging that [he] is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* Petitioner's claim "necessarily attacks the state court judgment, seeking to have it declared void, rather than raising an independent 'defect in the integrity of the federal habeas proceedings.'" *Id.* Accordingly, petitioner's motion for relief from judgment is a successive habeas petition for which a certificate of authorization is required. *See Flint v. Jackson*, No. 2007 WL 2178424, *2

5

(E.D.Mich. Jul 27, 2007).

Petitioner further indicates that he is bringing the instant petition pursuant to the All Writs Act contained in 28 U.S.C. § 1651.

A habeas petitioner's motion or filing should be construed as a second or successive habeas petition where "[t]he motion's factual predicate deals primarily with the constitutionality of the underlying state [or federal] conviction or sentence." *In Re Abdur'Rahman,* 392 F.3d 174, 181 (6th Cir. 2004) (citing *Rodwell v. Pepe,* 324 F.3d 66, 70 (1st Cir. 2003)). In addition, regardless of the label on the statutory underpinning of the habeas petition, habeas petitions of state prisoners are governed by 28 U.S.C. § 2254. *See Byrd v. Bagley,* 37 Fed. Appx. 94, 95 (6th Cir. 2002). Therefore, petitioner cannot use 28 U.S.C. § 1651, the All Writs Act, to circumvent the AEDPA's prohibition on the filing of an unauthorized second or successive habeas petition. *See Brennan v. Wall,* 100 Fed. Appx. 4, 5 (1st Cir. 2004); *See also Halliburton v. United States,* 59 Fed. Appx. 55, 56-57 (6th Cir. 2003)(federal prisoner could not use the All Writs Act to circumvent the AEDPA's prohibition against the filing of a second or successive motion to vacate sentence brought under 28 U.S.C. § 2255).

Petitioner has previously filed a habeas petition with the federal courts. Although petitioner would not have been required to obtain a certificate of authorization following the dismissal of his petition if it had been dismissed without prejudice on exhaustion grounds, *See Harris v. Stovall*, 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), petitioner's prior habeas petition was dismissed on the merits. Petitioner's current pleading is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization. Although neither party raised the issue of this being a second or successive petition, it is

appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. *See Williams v. Stegall*, 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for this Court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because such a timeliness inquiry would be premature prior to any determination by the Sixth Circuit whether petitioner should be given authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) to file a successive habeas petition. *See In Re McDonald*, 514 F. 3d 539, 543-44 (6th Cir. 2008).

### III. CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, the Court **ORDERS** the Clerk of the Court to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

**SO ORDERED.**

        S/Paul D. Borman  
        PAUL D. BORMAN  
        UNITED STATES DISTRICT JUDGE

Dated: March 10, 2009

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 10, 2009.

        S/Denise Goodine  
        Case Manager